**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI**

| | | |
|---|---|---|
| **In re:** | ) | |
| | ) | |
| **Mitchell J. Leonard,** | ) | **Case No. 09-21458** |
| Debtor. | ) | |
| | ) | |
| **Gary Sevenans, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | **Adversary No. 09-02069** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Mitchell J. Leonard,** | ) | |
| | ) | |
| Defendant and Counter Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Gary Sevenans, et al,** | ) | |
| | ) | |
| Counter Plaintiffs | ) | |

**ORDER ON PLAINTIFFS' MOTION FOR SUMMARY JUDGEMENT**

Plaintiffs Gary Sevenans, Randy Kell, Randy Byers, Quality Beef Partnership Cattle Co. LLC, Byron Fagg, Michael Brand, Sam Brand, Don Collins, Jeff Boardman, Cory Wagner, Kenneth Schaffer, Robert Sager, Jobe Keltner, Tyler Hills, Darin Messersmith, and Rowena Moore (collectively "Plaintiffs") initiated this adversary proceeding by filing an Objection to Discharge of Certain Debts Pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (B) and 11 U.S.C §§ 523(a)(4) and (6) ("Complaint"). On July 28, 2010, Plaintiffs filed a motion for summary judgment under § 523(a)(2)(A) and on August 17, 2010, Mitchell J. Leonard ("Leonard") filed a memorandum in objection to Plaintiffs' summary judgment motion and a cross motion for summary judgment on Plaintiffs' claims under §§ 523(a)(2)(D) *[sic]*, (a)(4) and (a)(6).

As support for the contention that summary judgement is proper, and that no genuine

issue of material fact exists in this case, Plaintiffs' rely solely on a judgment rendered in the Circuit Court of Howard County, Missouri which includes four hundred and sixty-nine (469) findings of fact and thirty-six (36) conclusions of law ("State Court Judgment"). The State Court Judgment ultimately found that Leonard violated Mo. Rev. Stat. § 407.020, *et seq*; of the Missouri Merchandising Practices Act ("MMPA"). Plaintiffs argue that Leonard should be collaterally estopped from litigating the issues raised in Plaintiffs' adversary complaint as their contention is that those issues have already been fully and finally determined by findings of fact and conclusions of law included in the State Court Judgment.

The Court finds that summary judgment is not proper because the motion does not contain the specificity that is required by LR 9013-1(H)(1). Plaintiffs' motion contains no separately numbered paragraphs purporting to be a statement of uncontroverted material facts which is specifically required by LR 9013-1(H)(1). The rule provides that "suggestions in support of a motion for summary judgment shall begin with a concise statement of uncontroverted material facts. Each fact shall be set forth in a separately numbered paragraph. Each fact shall be supported by reference to the place in the record where the fact is established." Bankr. W.D. Mo. LR 9013-1(H)(1). Local Rule 9031-1(H)(1) is substantially similar to W.D. Mo. R. 56.1(a), which applies to proceedings before the District Court. *See Jones v. United Parcel Service, Inc.*, 461 F.3d 982, 990 (8th Cir. 2006). In *Jones*, although the issue was whether the responsive pleading was in compliance with W.D. Mo. R. 56.1, the analysis remains helpful in this instance. There, the Court noted that W.D. Mo. R. 56.1(a) provides that "suggestions in opposition to a motion for summary judgment shall begin with a section that contains a concise listing of material facts as to which the party contends a genuine issue exists." *Jones*, 461 F.3d at 990. It further directs that "[e]ach fact in

dispute shall be set forth in a separate paragraph, shall refer specifically to those portions of the record upon which the opposing party relies, and, if applicable, shall state the paragraph number in movant's listing of facts that is disputed." *Id.* "The purpose of the rule is to distill to a manageable volume the matters that must be reviewed by a court undertaking to decide whether a genuine issue of fact exists for trial. It is designed 'to prevent ... the proverbial search for a needle in the haystack'."*Id.* Plaintiffs' submission in this case presents exactly the scenario which LR 9013-1(H)(1) was designed to prevent, which is the Court having to dig through 469 findings of fact and 36 conclusions of law, in order to determine whether collateral estoppel is proper, which this Court will not do.

Even if Plaintiffs had submitted a summary judgment motion that contained a statement of uncontroverted facts, the Court is skeptical, based on its brief review of the State Court Judgment, that it would include all the elements necessary to establish that collateral estoppel is proper in this instance.

As a matter of constitutional and statutory law, *see* U.S. Const. art. IV, § 1 and 28 U.S.C. § 1738, federal courts generally "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City School Dist. Bd. of Educ.,* 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). In Missouri, collateral estoppel bars relitigation of an issue where: (1) the party sought to be precluded in the second suit was a party, or privy to a party, in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was "actually litigated" in the prior action; (4) the issue was determined by a valid and final judgment; and (5) the determination in the prior action was "essential to the judgment." *Morse v. C.I.R.*, 419

F.3d 829, 834 (8th Cir. 2005).

Section 407.020 of the MMPA, which Leonard was found to have violated by the state court, provides in relevant part: "The act, use or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce . . .in or from the state of Missouri, is declared to be an unlawful practice." Mo. Rev. Stat. § 407.020 (2009). To successfully state a claim under the MMPA, a plaintiff is required to establish the following four elements:

> First, there must be a use or employment of a deception, a fraud, a false pretense, a false promise, a misrepresentation, an unfair practice, or a concealment, suppression or omission of a material fact. Second, the unlawful act must occur in connection with the sale or advertisement of any merchandise in trade or commerce. Third, the unlawful act must result in an ascertainable loss of money or real or personal property. Fourth, the loss must occur to a person who purchases primarily for personal, family or household purposes.

*In re Geiler*, 398 B.R. 661, 671-71 (Bankr. E.D. Mo. 2008). "The legislature intended section 407.020 to 'supplement the definitions of common law fraud in an attempt to preserve fundamental honesty, fair play and right dealings in public transactions'." *Huch v. Charter Communications, Inc.*, 290 S.W.3d 721, 724 (Mo. 2009). "It is the defendant's conduct, not his intent, which determines whether a violation has occurred. It is not necessary in order to establish "unlawful practice" to prove the elements of common law fraud." *Id. citing State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 635 (Mo. App. 1988). Reliance on an unlawful practice is also not required to establish a violation under the MMPA. *See Plubell v. Merck & Co., Inc.*, 289 S.W.3d 707, 714 (Mo. Ct. App.

2009) (internal citations omitted). "[T]he MMPA supplements the definition of common law fraud, eliminating the need to prove an intent to defraud or reliance." *Schuchmann v. Air Servs. Heating & Air Conditioning, Inc*., 199 S.W.3d 228, 233 (Mo. Ct. App. 2006).

Each of the Plaintiffs in this case has pleaded an exception to discharge claiming that the respective debts owed should be nondischargeable as they were incurred as a result of Leonard's false pretenses, false representations and/or through actual fraud pursuant to § 523(a)(2)(A).

Section 523(a)(2)(A) of the Bankruptcy Code states that:

> (a) A discharge under section 727, 1141, 1128(a). 1128(b), or 1328(b) of this title does not discharge an individual debtor from any debt-
> ...
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by,-
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2)(A). Congress did not define the terms used in § 523(a)(2)(A). However, the United States Supreme Court recently construed the terms in this section to encompass common law misrepresentation or actual fraud. *AT&T Universal Card Services v. Ellingsworth (In re Ellingsworth),* 212 B.R. 326, 333 (Bankr. W.D.Mo.1997) *(citing Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed.2d 351 (1995)). To prevail under § 523(a)(2)(A) the creditor must prove the following elements: (1) that the debtor made a representation; (2) that at the time the debtor knew the representation was false; (3) that the debtor made the representation deliberately and intentionally with the intention and purpose of deceiving the creditor; (4) that the creditor justifiably relied on such representation; and (5) that the creditor sustained the alleged loss and damage as the proximate result of the representation having been made. *In re Maurer*, 256 B.R. 495, 500 (B.A.P. 8th Cir. 2000)*; Merchants Nat'l Bank v. Moen (In re Moen)*, 238 B.R. 785, 790 (B.A.P. 8th Cir.

1999) *(citing In re Ophaug*, 827 F.2d 340 (8th Cir. 1987), *as supplemented by Field*, 516 U.S. at 71).

The two elements required in a dischargeability action under § 523(a)(2)(A), that are not also required in an action under § 470.020, are intent and reliance.[1] Therefore, a finding of liability under the MMPA does not necessarily equate to a finding that a debt is nondischargeable under § 523(a)(2)(A). It is possible that evidence of intent and reliance were adduced at the state court trial, and that said evidence is included somewhere in the 400 plus findings of fact in the State Court Judgment, however; even if such evidence does exist, there still would remain the question of whether such evidence was "essential" to the state court's finding that Leonard was liable under the MMPA, as would be required to trigger the doctrine of collateral of estoppel.

For all of the foregoing reasons, the Court finds that Plaintiffs' motion for summary judgment is denied. Although Leonard included in the caption of the memorandum in opposition to Plaintiffs' summary judgment motion a reference to a cross motion for summary judgment, because there was no accompanying request for summary judgment, no legal argument and no statement of uncontroverted facts, the Court will deny Leonard's cross motion.

Dated:     October 22, 2010           /s/ Dennis R. Dow
                                      THE HONORABLE DENNIS R. DOW
                                      UNITED STATES BANKRUPTCY JUDGE

cc:   James F.B Daniels
      Noel Magee

---

[1] Mo. Rev. Stat. § 470.020.3 states that any person who willfully and knowingly engages in any act, use, employment or practice declared to be unlawful by this section with the intent to defraud shall be guilty of a class D felony. Plaintiffs do not allege that Leonard has been adjudicated with a felony conviction under this section. There is no similar intent requirement in § 407.020.